## J. T. TERRY v. J. H. GROVES.

LIEN OF EMPLOYE.    *Crops grown on another place.*

An employe on one plantation who merely, for a few days, supervises laborers sent therefrom to another plantation of his employer, is not a laborer on the latter place, entitled to a lien on the crops grown thereon.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

Appellant, J. T. Terry, owned a plantation in Leflore county, known as the Terry place, and he had an interest in and controlled a plantation on the other side of the Tallahatchie river, known as the Sarah Mound place. There was a private ferry between the two places. He employed the appellee, J. H. Groves, at a salary of twenty-five dollars per month, to superintend the planting interests of the Sarah Mound place for the year 1892. Under his contract, Groves supervised the laborers, repaired implements and did other work on that place. On one occasion, he also supervised some work done by laborers sent from that place to the Terry place, and he repaired a gin-stand on that place. The most of the land on the Terry place was rented to a third person. There was some controversy as to whether Groves was employed for one or both places, but he did nothing on the Terry place except as stated. This suit was instituted by him to enforce his lien upon certain cotton which was raised during the year on the Terry place. The original account as filed was for work done as a laborer on the Sarah Mound plantation. On the trial this was amended to show that the work was done on both places.

The following instruction was given for plaintiff: "The court instructs the jury that if they believe from the evidence that Groves did labor in the production of the crops

grown on Sarah Mound and Terry places, in pursuance of his contract with Terry in 1892, then they will find for the plaintiff, even though they may believe from the evidence that Groves did nothing on the particular cotton seized, if they believe it was part of the crop raised on said places."

For the defendant the following instructions were given: " The court instructs the jury that if they believe from the evidence that Groves was employed alone as a manager for the Sarah Mound place, then they will find for the defendant."

" The court instructs the jury that if they believe from the evidence that any work done by Groves on the Terry place was with the hands of the Sarah Mound place, or work done for the benefit of the Sarah Mound place alone, or that same was done as a matter of accommodation, they will find for defendant."

Verdict and judgment for plaintiff; motion for new trial overruled; defendant appeals.

*S. R. Coleman*, for appellant.

The employment of Groves was for the Sarah Mound plantation, and, as the cotton that was seized was grown on the Terry place, which was rented to a third person, he had no lien on it. His temporary supervision of the laborers in working on that place for a few days, and his repairing the gin-stand, did not constitute him a laborer so as to entitle him to a lien on the crops raised thereon. The evidence is positive that he had nothing to do with the Terry place. Therefore the finding of the jury was contrary to the evidence, and should have been set aside.

*Rush & Gardner*, for appellee.

The controversy between Groves and Terry as to whether or not the employment of the former was for both the plantations was fairly presented to the jury, and settled by the verdict in favor of the plaintiff's contention.

The instructions given by the court are in accordance with the law and evidence in the case.

COOPER, J., delivered the opinion of the court.

The appellee was not an employe or a laborer on the Terry place. His service was on the Sarah Mound place, though for a few days he supervised some laborers sent from that place to the Terry place. This was not sufficient to entitle him to the character of an employe or laborer on that place, and, as such, having a lien on the crops grown thereon. It is not to be doubted that the cotton seized was grown on the Terry place and not on the Sarah Mound place, and on this cotton he had no right of recourse.

*The judgment is reversed.*